Filing # 55392900 E-Filed 04/20/2017 11:29:53 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

**JORGE ORTIZ,**

    **Plaintiff,**

vs.

**ARDAMAN AND ASSOCIATES, INC., and TETRA TECH, INC.,**

    **Defendant.**

_____/

CASE NO.: 17-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, JORGE ORTIZ, hereby sues Defendant, ARDAMAN AND ASSOCIATES, INC., and TETRA TECH, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under § 440.205, Florida Statutes; Chapter 760, Florida Statutes; and 42 U.S.C. §12101 et seq.. This is also an action brought pursuant to the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JORGE ORTIZ, has been a resident of the State of Florida and was employed by Defendants. Plaintiff is a member of a protected class due to his actual or perceived disability and because he engaged in protected activity. He was subjected to retaliation thereafter.

4. At all times pertinent hereto, Defendant, ARDAMAN AND ASSOCIATES, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. At all times pertinent hereto, Defendant, TETRA TECH, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

6. Plaintiff has satisfied all conditions precedent to bringing this action in that he filed a charge of discrimination with the Florida Commission on Human Relations and EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff began his employment with the Defendants in June 2012. He held the position of CEI/Senior Field Engineering Technician at the time of his wrongful termination on or around February 18, 2016.

8. Plaintiff was subjected to disparate treatment due to his actual and/or perceived disability and retaliation after he sought compensation and/or benefits under §440.205, Florida Statutes.

9. The mistreatment came at the hands of Mark Zarallak, CMT Supervisor; Donne Reubelt, Human Resource Director; Kevin McDonald, Vice President Tetra Tech and Bret Buxham, Safety and Health Director.

10. On May 27, 2016, after working for Defendants for four years as a full time employee without any complaints, Plaintiff suffered a work related accident and subsequent injuries while performing a double duty job assignment.

11. Plaintiff notified the Defendants, through supervisor Mark Zarallak, of his work accident and injuries. Zarallak signed the incident report which stated the accident occurred.

12. After Plaintiff informed Defendant's Human Resource Director Donna Reubelt and Safety Officer Bret Buxham of the incident, Defendant refused to send Plaintiff to receive medical care through its workers' compensation insurance. Instead, they falsely stated that Plaintiff's injuries were not work related.

13. Plaintiff thereafter filed for workers' compensation benefits on his own and was initially denied due to the false statements of the Defendant. Plaintiff had to seek medical attention through his own private insurance company and physician and he went more than 30 days without remuneration.

14. Plaintiff had to take FMLA leave for several weeks. All requests to return to work on light duty were denied.

15. When Plaintiff returned to work, he was assigned duties that exacerbated his condition while his condition was used as an excuse not to give him work.

16. Defendant refused to return Plaintiff to work in his full capacity and he was fired on February 18, 2016.

17. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the applicable statute(s) cited herein.

3

## COUNT I
## DISABILITY DISCRIMINATION

18. Paragraphs 1-17 are realleged and incorporated herein by reference.

19. This is an action against Defendant for disability discrimination.

20. Plaintiff has been the victim of discrimination on the basis of his actual and/or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated employees who were did not have an actual or perceived disability.

21. Defendant is liable for the differential treatment of Plaintiff with respect to time off and his actual and/or perceived disability, which differential treatment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

22. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Defendant also refused to accommodate Plaintiff and/or took action against him after he took necessary time off for his condition. Defendant further failed to engage in the interactive process with Plaintiff.

23. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

4

24. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

25. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability.

26. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT II
## RETALIATION – SECTION 440.205

27. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

28. This is an action against Defendant for retaliation under §440.205, Florida Statutes. At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

29. Plaintiff was employed with Defendant when he was injured on the job. Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

30. Defendant retaliated against Plaintiff because he was injured on the job and had a valid claim for compensation and benefits under Chapter 440.

31. Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to workers' compensation benefits under the laws of the State of Florida.

32. As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to injunctive/equitable relief and punitive damages.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

33. Paragraphs 1-17 are re-alleged and are incorporated herein by reference.

34. This is an action against Defendant for harassing Plaintiff due to using leave time, and for terminating Plaintiff for taking time off that was authorized by and protected under the FMLA. This is thus an interference and retaliation claim.

35. After taking leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against him for using leave. Prior to his need for leave, Plaintiff had worked for Defendant for more than one year and had worked more than 1,250 hours in the year immediately preceding his need for leave under the FMLA.

36. Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after taking protected leave.

37. Defendant's violations of the FMLA were willful.

38. As a direct and proximate result of Defendant's willful, wanton, and malicious

6

acts described in part above, Plaintiff has sustained damages for the loss of employment and other damages attendant with the loss of his job. These damages have occurred in the past, are occurring at present and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    (a)    that process issue and this Court take jurisdiction over this case;

    (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

    (c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

    (d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

    (e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

    (f)    grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 20th day of April 2017.

                                    Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
marie@mattoxlaw.com
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

8